# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### CHARLESTON DIVISION

| | | |
|---|---|---|
| STEPHEN MICHAEL HOPKINS, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:15-10998 |
| | ) | (Criminal No. 2:11-00178) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

### PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court are the following: (1) Movant's Motion to Vacate, Set Aside, or Correct Sentence by A Person in Federal Custody Pursuant to 28 U.S.C. § 2255 (Document No. 210), filed on July 15, 2015; (2) Movant's *pro se* Motion to Amend or Supplement filed on March 24, 2017 (Document No. 240); and (3) Movant's *pro se* Motion to Amend or Supplement filed on July 28, 2017 (Document No. 243). By Standing Order, this matter was referred to United States Magistrate Judge R. Clarke VanDervort for submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 212.) By Order entered on January 6, 2016, the above case was referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and a recommendation for deposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 223.)

### FACTUAL AND PROCEDURAL BACKGROUND

**A**      **Criminal Action No. 2:11-00178:**

On January 30, 2013, Movant pled guilty to one count of Aiding and Abetting the Possession with Intent to Distribute a Quantity of Heroin in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (Count One of Superseding Indictment). (Criminal Action No. 2:11-00178,

Document Nos. 143 – 144.) A Presentence Investigation Report was prepared. (Id., Document No. 183.) The District Court determined Movant had an Base Offense Level of 18, and a Total Offense Level of 29, the Court having applied the following: A two-level enhancement pursuant to U.S.S.G. § 3C1.2 for obstruction of justice; An enhancement to an adjusted offense level of 32 pursuant to U.S.S.G. § 4B1.1 because Movant met the criteria for career offender status; and A three-level reduction pursuant to U.S.S.G. § 3E1.1(a) and (b) for acceptance of responsibility. (Id., pp. 8 -9.) The District Court sentenced Movant on May 22, 2013, to serve a total term of 151 months of incarceration to be followed by a three-year term of supervised release.[1] (Id., Document Nos. 172 and 179.) The District Court further imposed a $100 special assessment. (Id.)

On May 31, 2013, Movant filed a Notice of Appeal. (Id., Document No. 177.) In his appeal, Movant argued that the District Court erred by denying his motion to suppress the heroin and related contraband that police found in the car driven by Movant. (Id., Document No. 199.) On April 23, 2014, the Fourth Circuit Court of Appeals affirmed the District Court's decision. (Id.); United States v. Hopkins, 568 Fed.Appx. 214 (4th Cir. 2014).

**B.    Section 2255 Motion:**

On July 15, 2015, Movant, acting *pro se*, filed his instant Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody and Memorandum in Support.[2] (Civil No. 2:15-10998, Document Nos. 210 and 211.) As grounds for *habeas* relief,

---

[1] The District Court determined that Movant was subject to the advisory guideline range of 151 to 188 months. (Criminal Action No. 2:11-00178, Document No. 180.) The District Court sentenced Movant at the bottom of the Guideline Range. (*Id.*)

[2] Because Movant is acting pro se, the documents which he has filed in this case are held to a

2

Movant argues as follows: (1) Movant "is actually innocent of his sentence as a career offender since the predicate offense for attempt aggravated robbery to categorize him under the residual clause is unconstitutional in light of the Supreme Court's ruling in Johnson" (Id., Document No. 211, pp. 1 – 7.); and (2) Movant's "plea was not knowingly and intelligent when he plead to aiding and abetting pursuant to 18 U.S.C. § 2 as outlined by the Supreme Court's Rosemond ruling" (Id., pp. 7 – 13.).

On August 10, 2015, Movant filed a Motion to Amend requesting that the Court allowed him to amend his Section 2255 Motion to include additional case law that he believes supports his claim that he is entitled to relief pursuant to Johnson. (Id., Document No. 213.) Movant included the additional case law within his Motion. (Id.) By Order entered on October 22, 2015, United States Magistrate Judge R. Clarke VanDervort granted Movant's Motion. (Id., Document No. 216.) By Order also entered on October 22, 2015, Judge VanDervort directed the United States to file an Answer to Movant's claims. (Id., Document No. 217.) On December 7, 2015, Respondent filed its Response to Movant's Motion Under 28 U.S.C. § 2255. (Id., Document No. 220.) Respondent argues as follows: (1) "Defendant voluntarily waived his right to file any and all claims for collateral relief, including relief under 28 U.S.C. § 2255" (Id., pp. 5 – 9.); (2) "*Johnson* does not apply retroactively on collateral review of Guidelines sentences" (Id., pp. 9 – 36.); and (3) Movant's "plea was knowing and voluntary" (Id., pp. 36 – 38.). On February 3, 2016, and February 22, 2016, Movant, acting *pro se*, filed his Replies. (Id., Document Nos. 226 and 227.)

By Order entered on June 14, 2016, the Court appointed the Federal Public Defender to

---

less stringent standard than if they were prepared by a lawyer, and therefore they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972.)

represent Movant to determine whether Movant may qualify for relief under Section 2255 in light of Johnson "and to present any petitions, motions, or applications relating thereto to the Court for disposition."[3] (Id., Document No. 231.) By Order entered on June 30, 2016, the undersigned directed appointed counsel to file any supplemental brief in support of his Section 2255 Motion by November 1, 2016, and directed the United States to file its Answer by September 12, 2016. (Id., Document No. 234.)

On October 20, 2016, following the granting of an extension of time, Movant, by court-appointed counsel, Federal Public Defender Christian M. Capece and Assistant Federal Public Defender Rachel E. Zimarowski, filed his "Supplemental Memorandum in Support of Motion to Correct Sentence Under 28 U.S.C. § 2255." (Id., Document No. 237.) In support of his Motion, Movant alleges that he is entitled to relief based upon the United States Supreme Court's decision in Johnson v. United States, ___ U.S. ___, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015). (Id.) Movant argues that under Johnson, Movant "is no longer a career offender because his predicate convictions for attempted aggravated robbery under Ohio law and aggravated robbery under West Virginia law no longer qualify as crimes of violence under any portion of the career definition." (Id.) In support, Movant explains that in Johnson, the Supreme Court held that the residual clause of the Armed Career Criminal Act ["ACCA"] was unconstitutionally vague. (Id.) Movant, therefore, argues that "[i]t follows that the identical residual clause in the career offender provision, U.S.S.G. § 4B1.2(a)(2), is also void for vagueness." (Id.) Thus, Movant concludes that his prior convictions do not trigger the application of the Section 4B1.1 career offender enhancement. (Id.) Movant argues that his prior convictions for attempted

---

[3] The Order further stated that "[c]ounsel's representation pursuant to this appointment is limited

aggravated robbery and aggravated robbery do not qualify as crimes of violence under the enumerated offenses or the force clause of the career offender provision. (Id.) Movant, therefore, contends that "in light of *Johnson*, [he] no longer qualifies as a career offender, and his current sentence violates due process of law in violation of 28 U.S.C. § 2255(a)." (Id.)

On December 1, 2016, the United States filed its Response to Movant's Section 2255 Motion. (Id., Document No. 238.) First, the United States argues that Movant "voluntarily waived his right to file any and all claims for collateral relief, including relief under 28 U.S.C. § 2255." (Id., pp. 5 – 7.) Second, the United States contends that Movant has not satisfied his burden of proving that <u>Johnson</u> made any difference in his original sentence. (Id., pp. 7 – 9.) Third, the United States contends that Movant "procedurally defaulted his claims and has not demonstrated good cause to excuse his default." (Id., p. 9 – 10.) Fourth, the United States argues that <u>Johnson</u> does not apply on collateral review to Guideline issues. (Id., pp. 10 – 14.) Finally, the United States claims that Movant's Ohio conviction for attempted aggravated robbery and his West Virginia conviction for aggravated robbery are "crimes of violence." (Id., pp. 14 – 24.)

Movant, by counsel, filed his Reply on December 29, 2016. (Id., Document No. 239.) First, Movant argues that the "waiver provision of [Movant's] plea agreement does not bar him from seeking relief under *Johnson* because a sentence imposed in an unconstitutional manner is outside the scope of the waiver." (Id., pp. 2 – 3.) Second, Movant asserts that he "has no burden of production or persuasion to show that the District Court previously relied upon the residual clause in U.S.S.G. § 4B1.2 in order to obtain 28 U.S.C. § 2255 relief from an unlawfully imposed sentence." (Id., pp. 3 – 8.) Third, Movant claims that his Section 2255 Motion is not barred by procedural default pursuant to the cause and prejudice exception set forth in <u>Reed v.</u>

---

to *Johnson* relief unless the presiding District Judge directs otherwise. (*Id.*, Document No. 231.)

Ross, 468 U.S. 1 (1984). (Id., pp. 8 – 10.) Fourth, Movant argues that the Fourth Circuit's decision in Hubbard held that Johnson could be substantively applied to any § 2255 challenge of a previous career offender designation under the Sentencing Guidelines. (Id., pp. 10 – 11.) Finally, Movant claims that his "convictions for attempted aggravated robbery in Ohio and aggravated robbery in West Virginia are no longer crimes of violence." (Id., pp. 11 – 20.)

On March 24, 2017, Movant, acting *pro se*, filed his Motion to Amend or Supplement. (Id., Document No. 240.) In support, Movant sets forth additional arguments that his plea was not knowingly and voluntary in light of Rosemond. (Id., Document No. 240.)

On July 28, 2017, Movant filed his Motion to Amend. (Id., Document No. 243.) Movant explains that he wishes to amend his Section 2255 Motion to include the ground that he was denied effective assistance of counsel based upon the following: (1) Counsel's failure to investigate and challenge prior convictions as qualifying as "crimes of violence" (Id., pp. 3 – 5.); and (2) Counsel "misadvised the Court about pending charges and should have argued Setser v. United States, 566 U.S. 231, 132 S.Ct. 1463, 182 L.Ed.2d 455 (2012)" (Id., pp. 5 – 6.).

## ANALYSIS

The relevant portion of Section 2255 provides as follows:

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

In order to be cognizable under Section 2255, claims based on other than constitutional or jurisdictional grounds must present exceptional circumstances that justify permitting a collateral attack. Stated another way, the alleged error must amount to "a fundamental defect

which inherently results in a complete miscarriage of justice" or "an omission inconsistent with the rudimentary demands of fair procedure." Hill v. United States, 368 U.S. 424, 428, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962). Section 2255 is not a substitute for direct appeal. United States v. Frady, 456 U.S. 152, 165, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982). Accordingly, errors warranting a reversal on direct appeal will not necessarily support a collateral attack. Knight v. United States, 37 F.3d 769, 772 (1st Cir.1994). See United States v. Addonizio, 442 U.S. 178, 184, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979). Failure to raise an issue presented in sentencing on direct appeal which is non-constitutional in nature amounts to a waiver of the right to contest the issue in Section 2255 proceedings. See United States v. Emanuel, 869 F.2d 795 (4th Cir. 1989).

With respect to issues which are constitutional in nature, absent a showing of good cause for and prejudice from failing to appeal as may be shown by a defendant in criminal proceedings, Section 2255 is no substitute, and the failure precludes Section 2255 review. Theodorou v. United States, 887 F.2d 1336, 1339-40 (7th Cir. 1989)("[A]bsent a showing of cause and prejudice, a defendant is barred from raising any constitutional challenge in a section 2255 proceeding which could have been raised on direct appeal."); See also United States v. Maybeck, 23 F.3d 888, 891 (4th Cir. 1994), cert. denied, 517 U.S. 1161, 116 S.Ct. 1555, 134 L.Ed.2d 657 (1996). The standard is conjunctive. As a general matter, therefore, movants must show good cause for and prejudice from their failure to raise any constitutional issues advanced under Section 2255 on direct appeal. See Theodorou, supra, 887 F.2d at 1340. Constitutional claims of ineffective assistance of counsel are the exception. They are more properly raised in Section 2255 proceedings and not on direct appeal. United States v. Richardson, 195 F.3d 192 (4th Cir. 1999), cert. denied, 528 U.S. 1096, 120 S. Ct. 837, 145 L.Ed.2d 704 (2000).

1.      **Motions to Amend:**

On March 24, 2017, Movant, acting *pro se*, filed his Motion to Amend or Supplement

setting forth additional arguments that his plea was not knowingly and voluntary in light of

Rosemond. (Civil Action 2:15-10998, Document No. 240.) On July 28, 2017, Movant, acting

*pro se*, filed an additional Motion to Amend setting forth a claim of ineffective assistance of

counsel. (Id., Document No. 243.) Specifically, Movant argues that counsel was ineffective in

failing to investigate and challenge his prior convictions as qualifying as "crimes of violence"

and misadvising the Court about his then pending State charges. (Id.)

Rule 12 of the Rules Governing Section 2255 Proceedings for the United States District

Courts provides that the Federal Rules of Civil Procedure, to the extent that they are not

inconsistent with the *habeas* rules, may be applied to Section 2255 proceedings. Rule

15(a)(1)(A) of the Federal Rules of Civil Procedure provides that a party may amend his

pleadings "once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is

one to which a responsive pleading is required, 21 days after service of a responsive pleading or

21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ.

P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's

written consent or the court's leave. The court should freely give leave when justice so requires."

Fed. R. Civ. P. 15(a)(2). "[A] motion to amend should be denied only where it would be

prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the

amendment would be futile." Marfork Coal Co. v. Smith, 2011 WL 744727 (S.D.W.Va. Feb. 23,

2011)(J. Berger)(citations omitted). If the statute of limitations bars a cause of action, an

amendment may be denied as futile. See United States v. Pittman, 209 F.3d 314 (4th Cir. 2000).

"When proposed claims in an amendment are barred by the statute of limitations, Rule 15(c)

provides for the relation back of amendments to the original pleading under certain circumstances." See United States v. Pittman, 209 F.3d 314 (4th Cir. 2000)(holding that amendments to a § 2255 motion made after the expiration of the one-year statute of limitations did not relate back to the original motion and were therefore untimely and futile). Rule 15(c)(1) provides that an amendment relates back when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out - - or attempted to be set out - - in the original pleading." Thus, an amendment is appropriate and timely under the applicable statute of limitations when it relates back to the original pleading.

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 [AEDPA], which established a one-year period of limitation governing the filing of motions for collateral relief under 28 U.S.C. § 2255. The one-year period runs from the latest of one of four specified events:

> (1)      the date on which the judgment of conviction becomes final;
>
> (2)      the date on which the impediment to making the motion created by government action in violation of the Constitution or laws of the United States is removed, if movant was prevented from making a motion by such government action;
>
> (2)      the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (3)      the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of reasonable diligence.

28 U.S.C. § 2255(f).

The Court will first consider the timeliness of Movant's Motion under Section 2255(f)(1). The Fourth Circuit affirmed Movant's conviction on April 23, 2014, and his sentence

became final 90 days later when he did not file a petition for writ of certiorari (July 23, 2014). Accordingly, the one-year statute of limitations expired on or about July 23, 2015. On March 24, 2017, and July 28, 2017, Movant filed Motions to Amend. (Civil Action 2:15-10998, Document Nos. 240 and 243.) Movant's Motions to Amend were filed well outside the one-year statute of limitations under Section 2255(f)(1). Movant's Motions are clearly untimely unless one of Section 2255(f)'s other subsections applies. There is, however, no allegation or indication that one of Section 2255(f)'s other subsections applies. The undersigned will now consider whether Movant's proposed amendments relate back to his original Section 2255 Motion.

As to Movant's proposed amendment concerning additional arguments that his plea was not knowingly and voluntary in light of Rosemond, such relates back to his original Section 2255 Motion. (Civil Action No. 2:15-10998, Document No. 240.) In his original Section 2255 Motion, Movant argued that his "plea was not knowingly and intelligent when he plead to aiding and abetting pursuant to 18 U.S.C. § 2 as outlined by the Supreme Court's Rosemond ruling." (Id., Document Nos. 210 and 211.) Thus, the undersigned finds that above amendment relates back and should be considered by the Court. Accordingly, the undersigned respectfully recommends that Movant's Motion to Amend (Document No. 240) filed on March 24, 2017, should be granted.

As to Movant's proposed amendment concerning ineffective assistance of counsel, such does not relate back to his original Section 2255 Motion. (Id., Document No. 243.) Movant's ineffective assistance counsel claim arises out of different conduct than the conduct asserted in Movant's original claims. In his original Section 2255 Motion, Movant challenged the validity of his career offender status based upon an alleged change in the law based upon Johnson. In his

10

proposed amendment, Movant challenges the validity of his career offender status due to counsel's alleged failure to conduct a proper investigation [4] and misadvising the Court concerning his then pending State charges. [5] Movant's original Motion included no such allegations or any allegations concerning the denial of effective counsel. Thus, Movant's ineffective assistance of counsel claim is completely new and does not relate back to his original Motion. Accordingly, the undersigned respectfully recommends that Movant's Motion to Amend (Document No. 243) filed on July 28, 2017, be denied.

**2.    Johnson Claim:**

In the instant case, Movant argues that he is entitled to relief based upon Johnson. In Johnson v. United States, ___ U.S. ___, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015), the United

---

[4] Citing *Descamps*, Movant argues that counsel was ineffective in failing to investigate and challenge his prior convictions as failing to qualify as predicate offenses for purposes of enhancing his sentence under the Sentencing Guidelines. In *Descamps v. United States*, 570 U.S. 254, 133 S.Ct. 2276, 186 L.Ed.2d 438 (2013), the United States Supreme Court held that to determine whether a past conviction is a "violent felony" within the meaning of the Armed Career Criminal Act ("ACCA"), courts should use the categorical approach if the state statue is "indivisible." Thus, the Supreme Court clarified that if the statute is "indivisible," a sentencing court may look only to the elements of a defendant's prior conviction and not "to particular facts underlying those convictions" when the statute is "indivisible." The Supreme Court, however, explained that where the state statute is "divisible" by containing alternative elements that constitute multiple offenses, the court may apply the "modified categorical approach" to determine under which subpart of the statute the defendant was convicted. The undersigned notes that *Descamps* was decided subsequent to Movant's conviction and *Descamps* is not retroactive to cases on collateral review. *See In re Jackson*, 776 F.3d 292, 296 (5th Cir. 2015); *Groves v. United States*, 755 F.3d 588, 593 (7th Cir. 2014); *Wilson v. Warden*, 581 Fed.Appx. 750, 753 (11th Cir. 2014); *Vargas-Soto v. Rickard*, 2017 WL 1788662, * 1 (S.D.W.Va. may 4, 2017); *Sutton v. United States*, 2016 WL 8677281 (E.D.N.C. April 8, 2016); *Vaughn v. United States*, 2016 WL 698152, * 5 (S.D.W.Va. Feb. 22, 2016); *Gilbert v. United States*, 2015 WL 11111314, * 3 (D.S.C. March 10, 2015); *Baldwin v. United States*, 2013 WL 6183020 (D.Md. Nov. 25, 2013)(holding that *"Descamps* – and by extension *Royal* – are not retroactive.")*.*

[5] Movant asserts that counsel mislead the Court into believing that the State intended to drop his pending State charges. Movant, however, argues that "there was never the belief that the state case would be dropped." Movant contends that the "State wanted their charges run concurrent."

States Supreme Court held that the "residual clause" of the Armed Career Criminal Act ["ACCA"] was unconstitutionally vague and "imposing an increased sentence under the residual clause of the [ACCA] violates the Constitution's guarantee of due process." Johnson, ___ U.S. at ___, 135 S.Ct. at 2555-63. The ACCA provides for enhanced penalties for those with three qualifying prior felony convictions for either serious drug offenses or "violent felonies." The ACCA defines a "violent felony" as a crime punishable by imprisonment for a term exceeding one year " that - - (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another*." 18 U.S.C. § 924(e)(2)(B)(ii)(emphasis added). The italicized portion above is known as the ACCA's "residual clause." The Supreme Court determined the ACCA's "residual clause" to be unconstitutionally vague because its application was too "wide-ranging" and "indeterminate." Id. On April 18, 2016, the United States Supreme Court determined that Johnson announced a new substantive rule that applies retroactively to cases on collateral review. Welch v. United States, ___ U.S. ___, 136 S.Ct. 1257, 194 L.Ed.2d 387 (2016).

In the instant case, Movant does not contend that he was sentenced under the ACCA. Movant, however, argues that Johnson should be extended to career offenders sentenced under the "residual clause" of the Guidelines. Movant was sentenced as a career offender pursuant to U.S.S.G. § 4B1.1 because he had at least two qualifying prior convictions (Ohio conviction for attempted aggravated robbery and a West Virginia conviction for aggravated robbery) that qualified as "crimes of violence" under the "residual clause" of Section 4B1.2(a). Movant correctly notes that the "residual clause" in U.S.S.G. § 4B1.2(a) is textually identical to the

"residual clause" of the ACCA (18 U.S.C. § 924(e)(2)(B)(ii)). U.S.S.G. § 4B1.2(a) defines "crime of violence" as "any offense under federal or state law, punishable by imprisonment for a term exceeding one year that – (A) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (B) is burglary of a dwelling, arson, or extortion, involves the use of explosive, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*" U.S.S.G. § 4B1.2(emphasis added). The italicized portion above is known as the "residual clause" of Section 4B1.2. Identical to Section 4B1.2(a)'s "residual clause," the ACCA's "residual clause" defines "violent felony" as a crime that "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). Based upon the identical definitions of "crime of violence" in Section 4B1.2(a)'s "residual clause" and "violent felonies" in the ACCA's "residual clause," Movant argues that <u>Johnson</u> applies retroactively and the "residual clause" of Section 4B1.2(a) of the Guidelines is unconstitutionally vague.

Although the United States has filed a Response asserting numerous reasons Movant's Section 2255 Motion should be dismissed, the undersigned finds it unnecessary to consider such arguments. The issue concerning whether <u>Johnson</u> applies to the Guidelines has now been specifically addressed by the United States Supreme Court. On March 6, 2017, the United States Supreme Court held that the United States Sentencing Guidelines are not subject to a void for vagueness challenge under the Fifth Amendment in light of <u>Johnson</u>. <u>Beckles v. United States</u>, ___ U.S. ___, 137 S.Ct. 886, 197 L.Ed.2d 145 (2017). The Supreme Court specifically determined that the "residual clause" of Section 4B1.2(a) was not unconstitutionally vague because that "[u]nlike the ACCA . . . the advisory Guidelines do not fix the permissible range of

sentences." Id. The Supreme Court explained that the Guidelines "merely guide the exercise of a

court's discretion in choosing an appropriate sentence within the statutory range," and thus are

not subject to a vagueness challenge. Id. Accordingly, Movant's argument that the holding of

Johnson extends to his sentence as a career offender under the "residual clause" of the

Guidelines is without merit. Beckles clearly forecloses Movant's argument that he was

improperly determined to be a career offender because his prior convictions no longer qualify as

"crimes of violence" in light of Johnson. Furthermore, Movant fails to present any other basis for

finding that his predicate offenses do not satisfy the criteria for career offender status that can be

considered timely and appropriately asserted in the above proceedings.

3.    **Validity of Plea:**

In his *pro se* Motion, Movant argues that his guilty plea "was not knowingly and

intelligent." (Civil Action No. 2:15-10998, Document No. 211, pp. 7 - 13.) Specifically, Movant

claims that his "plea was not knowingly and intelligent when he plead to aiding and abetting

pursuant to 18 U.S.C. § 2 as outline by the Supreme Court's Rosemond ruling." (Id., p. 7.)

Movant claims that his plea was "not knowingly and intelligent due to the fact he did not 'aid

and abet' the offense as articulated by the Supreme Court's ruling in Rosemond v. United States,

134 S.Ct. 1240 (2014)." (Id., p. 8.) Movant argues that "the Sentencing Court . . . was under the

mistaking belief that the 'intent state of mind' was not a factor as to all the elements that carry

out the crime under the Supreme Court's ruling in Rosemond." (Id., p. 9.) Movant explains that

Rosemond held that "when an accomplice knows nothing of a gun until it appears at the scene,

he may already have completed his acts of assistance; or even if not, he may at that late point

have no realistic opportunity to quit the crime. And when that is so, the defendant has not shown

14

the requisite intent to assist a crime involving a gun." (Id.) Movant, therefore, argues that his "unawareness whether the drugs would be sold/distributed does not constitute 'foreknowledge' that his confederate will commit the offense." (Id., p. 10.) Movant concludes that neither he nor the court understood the aiding and abetting charge under to which he plead guilty "because the record clearly shows the Court asked Petitioner did Eddie Daivon Morgan 'aid and abet' him instead of Petitioner aiding and abetting Mr. Morgan." (Id.) Movant states that his plea "did not establish that one he knew a crime was taking place, and he went along with his role in the venture." (Id., p. 12.)

In Response, the United States first contends that Movant "voluntarily waived his right to file any and all claims for collateral relief, including relief under 28 U.S.C. § 2255, in his plea agreement dated January 24, 2013, and signed by him on January 25, 2013." (Id., Document No. 220, p. 5 - 9.) The United States notes that Movant's Motion "does not allege ineffective assistance of counsel, nor does it assert any constitutional claim or miscarriage of justice that would break the bonds of the waiver and render it unenforceable." (Id., p. 6.) Second, the United States argues that Movant's plea was knowing and voluntary. (Id., pp. 36 - 38.) The United States notes that "[t]he district court conducted the hearing pursuant to the provisions of Rule 11, went over the entirely of the plea agreement with the defendant, went over his constitutional rights, and the factual basis for the plea." (Id., pp. 36 – 37.)

In Reply, Movant continues to argue that his plea was not knowing and intelligent due to an intervening change in law where Movant did not understating the essential elements of his offense. (Id., Document No. 226, pp. 1, 9 - 12.) Movant further asserts that the neither the Court nor the Government established Movant's intent or state of mind regarding "aiding and

15

abetting." (<u>Id.</u>, p. 10.) Movant states that even though the admitted knowledge that the drugs were present in the vehicle, Movant contends that he stated "he did not know who the drugs would be sold to and he did not know the arrangement of the sale." (<u>Id.</u>) Thus, Movant asserts that he "knew nothing about the sale, nor did he intend to assist the accomplice to his crime of selling the drugs, or who the drugs would be sold to." (<u>Id.</u>, pp. 10 – 11.) Finally, Movant argues that his aiding and abetting charge "was not understood until the Supreme Court came with its interpretation in <u>Rosemond</u>." (<u>Id.</u>, p. 11.)

In his Amended Motion, Movant continues to argue that the "guilty plea adopted by the court was insufficient under <u>Rosemond</u> because the court did not ascertain whether Petitioner knew in advance that one of his cohorts would be distributing drugs." (<u>Id.</u>, Document No. 240, pp. 1, pp. 10 - 13.) Movant contends that he "was not clearly advised of the nature of the charges against him, he demonstrated no clear understanding of the charges, and the factual basis for his plea was incomplete." (<u>Id.</u>, p. 4.) Movant argues that <u>Rosemond</u> clarified that the government must prove that he had "advance knowledge that his co-defendant would possess with the intent to distribute heroin." (<u>Id.</u>) Movant claims that "<u>Rosemond</u> imposed an additional burden on the government to prove 'advance knowledge' effectively making it much more difficult to convict." (<u>Id.</u>, p. 6.) Movant further contends that <u>Rosemond</u> should be applied retroactively. (<u>Id.</u>) Finally, Movant concludes that he is actually innocent of his conviction for aiding and abetting the possession with intent to distribute heroin based upon <u>Rosemond</u>. (<u>Id.</u>, pp. 7 – 9.)

First, the undersigned finds that Movant's claim that his plea was involuntary is procedurally barred. Although Movant executed an appellate waiver as part of his plea agreement, such a waiver is only enforceable if it is entered into voluntarily. See <u>United States v.</u>

Johnson, 410 F.3d 137 (4th Cir. 2005); United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005). Thus, a claim of involuntary plea could have been raised on direct appeal. Movant, however, did not raise the issue on appeal. Movant has not shown and cannot show good cause for failing to do so and that prejudice has resulted. Movant argues that his plea was rendered involuntary and unintelligent based upon Rosemond v. United States, ___ U.S. ___, 134 S.Ct. 1240, 188 L.Ed.2d 4178 (2014). Rosemond, however, was decided prior to Movant' conviction becoming final. Rosemond was decided on March 5, 2014, and Movant's direct appeal did not conclude until April 23, 2014. See Schriro v. Summerlin, 542 U.S. 348, 351, 124 S.Ct. 2519, 159 L.Ed.2d 442 (2004)(It is well recognized that "when a decision of [the Supreme Court] results in a 'new rule,' that rule applies to all crimes cases still pending on direct review.") To the extent Movant believed Rosemond created a "new rule" that rendered his plea involuntary, Movant should have asserted such a claim during the pendency of his direct appeal. Further, Movant cannot show that a miscarriage of justice would result from the refusal of the Court to entertain the collateral attack. Although Movant disputes the validity of his plea agreement, he does present clear and convincing evidence that he is actually innocent of his charge which is the basis for his conviction.[6] The Court, therefore, finds that the above error is procedurally barred.

Even considering Movant's claim on the merits, it is clear from that his plea was intelligent and voluntary. A guilty plea must be "a voluntary and intelligent choice among the alternative courses of action open to the defendant." North Carolina v. Alford, 400 U.S. 25, 31, 91 S.Ct. 160, 27 L.Ed. 2d 162 (1970). "It is well settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be

---

[6] For reasons set forth below, the undersigned finds that Rosemond does not establish that Movant was actually innocent of his conviction.

collaterally attacked." Once a criminal defendant has pled guilty, collateral review is limited to an examination of "whether the underlying plea was both counseled and voluntary." United States v. Broce, 488 U.S. 563, 569, 109 S. Ct. 757, 102 L.Ed.2d 927 (1989); see also Fields v. Attorney General of State of Md., 956 F.2d 1290, 1294 - 95 (4th Cir. 1992). A guilty plea will be deemed involuntary if it is entered without knowledge of material information withheld by the prosecution. See for example Sanchez v. United States, 50 F.3d 1448, 1453 (9th Cir. 1995)(A defendant challenging the voluntariness of a guilty plea may assert a claim under Brady that the prosecution withheld evidence favorable to the defendant and material to guilt or punishment when defendant requested it.).

Based upon a review of the record, the undersigned finds no evidence supporting Movant's claim that his plea was unintelligent and involuntary because he was misinformed as to the elements of the offense. Movant argues that the Rosemond decision establishes that neither the Court nor Movant understood the essential elements the offense of aiding and abetting. In Rosemond v. United States, ___ U.S. ___, 134 S.Ct. 1240, 188 L.Ed.2d 4178 (2014), the Supreme Court held that a defendant cannot be liable for aiding and abetting the carrying of a firearm in relation to a crime of violence unless he has "advance knowledge" that his confederate will be armed. Rosemond v. United States, ___ U.S. ___, 134 S.Ct. 1240, 188 L.Ed.2d 4178 (2014). Thus, the Supreme Court determined that the government must establish *mens rea* for the offense of aiding and abetting the carrying of a firearm in relation to a crime of violence. Id. It is well recognized that Rosemond did not change the law, but merely clarified substantive law and in particular the *mens rea* requirement for aiding and abetting a firearms offense under 18 U.S.C. § 924(c). Montana v. Cross, 829 F.3d 775 (7th Cir. 2016)(noting that *Rosemond* "clarified the

18

interplay between aiding-and-abetting liability under 18 U.S.C. § 2 and the substantive firearms offense in 18 U.S.C. § 924(c)"); United States v. Rodriguez-Martinez, 778 F.3d 367, 371 (1st Cir. 2015)(*Rosemond* did not change the law, but clarified substantive law.); United States v. Davis, 750 F.3d 1186, 1192-93 (10th Cir. 2014)("After *Rosemond*, a jury instruction on aiding and abetting § 924(c) should address the defendant's advance knowledge of the gun."); Whitener v. United States, 2014 WL 6808789, * 2 (W.D.N.C. Dec. 2, 2014)("Rosemond makes clear that advance knowledge is *now* an essential element of aiding and abetting use of a firearm in a drug trafficking offense or a crime of violence."). Thus, Rosemond involved a conviction for aiding and abetting an offense under 18 U.S.C. § 924(c), which prohibits the using or carrying a firearm during and in relation to a crime of violence or drug trafficking crime. Movant's conviction did not involve Section 924(c).

Furthermore, the record reveals that the District Court properly advised Movant of the elements of aiding and abetting the distribution of heroin in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. During the Plea Hearing, the District Court questioned Movant as follows:

Q.      . . . And with that said, let me note to you again the essential elements that would have to be shown by the government beyond a reasonable doubt in order for you to stand conviction of the offense charged in the single-count indictment in this case.

First, that on or about March 16, 2011, at or near Charleston, Kanawha County, West Virginia, you possessed with intent to distribute a quantity of heroin, a Scheduled I controlled substance. Do you understand the first essential element?

A.      Yes.

Q.      Secondly, that in doing so, you were aided and abetted by Eddie Daivon Morgan. Do you understand the second element?

A.      Yes.

Q.    And third, that you did so knowingly and intentionally. Do you understand that as well?

A.    Yes.

(Document No. 209, pp. 6 – 7.) After taking a recess to allow Movant to speak privately with counsel, the Court again advised Movant of the essential elements of the offense. (Id., pp. 7 – 11.) Specifically, the Court questioned Movant as follows:

Q.    And so, Mr. Hopkins, I want to go over these essential elements with you again. In fact, I'm going to read the indictment to you again.

In the indictment, you are charged as follows: On or about March 16, 2011, at or nor Charleston in Kanawha County, West Virginia, within the Southern District of West Virginia, defendants Stephen Michael Hopkins and Eddie Daivon Morgan, aided and abetted by each other, did knowingly and intentionally possess with intent to distribute a quantity of heroin, a Schedule I controlled substance.

Do you understand what is charged there?

A.    Yes, sir.

Q.    And I'm going to go over the essential elements with you again, for I don't want you proceeding with a plea of guilty unless you are guilty of that which is set forth in that indictment and unless you first understand the essential elements of that offense, and they are as follows:

First, that on or about March 16, 2011, at or near Charleston, Kanawha County, West Virginia, you possessed with intent to distribute a quantity of heroin, a Schedule I controlled substance; that in doing so, you were aided and abetted by Eddie Daivon Morgan, who, I might add, is also charged with possession the same substance in that indictment; and lastly, that you did so knowingly and intentionally.

Now, understanding those to be the essential elements and after having conferred with your attorney, Mr. Craig, are you ready to enter a plea to that charge?

A.    Yes.

Q.    And what is your plea?

20

A.    Guilty.

(Id., pp. 9 – 11.) Movant further argues that his guilty plea adopted by the Court was insufficient because the Court did not establish Movant's intent or state of mind regarding "aiding and abetting" the distribution of drugs. Although Movant contends that the Court did not ascertain whether Movant knew in advance that one of his cohorts would be distributing drugs, the record clearly reveals otherwise. Specifically, the Court questioned Movant as follows:

Q.    Mr. Hopkins, tell me in your own words what it is that you did. What was your role in the offense to which you've pled guilty?

A.    I was driving a car with drugs in it. I knew the heroin was in the car. I believed the drugs was going to be sold. I don't know to who.

Q.    And so - -

A.    I drove - -

Q.    Excuse me, go ahead.

A.    I drove the car - - I drove the car to Charleston to help them get distributed.

* * *

Q.    And so, as I understand it, you drove the car with the heroin in it knowing that it was to be distributed I guess here in the Charleston area?

A.    Yes.

Q.    I think you said a moment ago you didn't know who was going to get it. Is that because the sale hadn't been arranged for it?

A.    No.

Q.    Whose job was it to arrange for the sale?

A.    I don't know exactly whose job it was going to be to arrange the sale.

Q.    What did you know, though, and you can tell me whether this is true or not, is that you were in possession of the heroin and the intent was to

21

distribute it; is that correct?

A.    Yes.

(Criminal Action No. 2:11-cr-00178, Document No. 209, pp. 34 - 36.) Thus, the record reveals that Movant was properly advised by the Court as to the essential elements of the offense to which he was pleading guilty. Finally, Movant affirmed that defense counsel had thoroughly discussed the charges with Movant, advised him as to the nature of the offense, and advised him as to all possible defenses. (Criminal Action No. 2:11-cr-00178, Document No. 209, p. 7.) Movant further confirmed that he was satisfied with representation from defense counsel. (Id., p. 32.) Accordingly, the undersigned respectfully recommends that the District Court deny Movant's claim that his plea was not made knowingly or intelligently.

**4.    Appellate Waiver:**

Notwithstanding the foregoing, the undersigned finds that Movant's challenge to his conviction based upon Rosemond is precluded by his appellate waiver. The undersigned notes that by his written Plea Agreement, Movant agreed to waive his rights to appeal his conviction and sentence directly and challenge them under Section 2255 except on grounds of ineffective assistance of counsel.[7] (Criminal No. 2:11-00178, Document No. 144, pp. 3 and 5.) It is well established that a defendant may waive his right to appeal or collaterally attack his conviction and sentence if the waiver was entered into knowingly and voluntarily. See Johnson, 410 F.3d at 137; Lemaster, 403 F.3d at 220. "To determine whether a waiver is knowing and intelligent, this court examines 'the totality of the circumstances, including the experience and conduct of the

---

[7] In Paragraph 9 of the Plea Agreement, notwithstanding the appellate waiver, Movant reserved the right to timely appeal the District Court's Order denying Movant's Motion to Suppress. (Criminal Action No. 2:11-00178, Document No. 144, p. 3.)

—

accused, as well as the accused's educational background and familiarity with the terms of the plea agreement.'" United States v. Thornsbury, 670 F.3d 532, 537 (4ᵗʰ Cir. 2012)(citation omitted). Generally, the waiver is valid and enforceable if a Court fully questions a defendant regarding the waiver of his right to appeal during the Rule 11 colloquy. Id.

The undersigned finds that Movant's plea agreement and appellate waiver were voluntary and intelligent. In his Motion, Movant does not argue that his *waiver* was made unknowingly or unintelligently. A review of the plea agreement further reveals that the waiver was clear and unambiguous. Specifically, the plea agreement stated, in pertinent part, as follows:

> Mr. Hopkins knowingly and voluntarily waives the right to seek appellate review of his conviction and of any sentence of imprisonment or fine imposed by the District Court, or the manner in which the sentence was determined, on any ground whatsoever including any ground set forth in 18 U.S.C. § 3742, so long as that sentence of imprisonment or fine is below or within the Sentencing Guideline range corresponding to offense level 32. The United States also waives its right to seek appellate review of any sentence of imprisonment or fine imposed by the District Court, or the manner in which the sentence was determined, on any ground whatsoever including any ground set forth in 18 U.S.C. § 3742, so long as that sentence of imprisonment or fine is within the above Sentencing Guideline range corresponding to offense level 29.
>
> Mr. Hopkins also knowingly and voluntarily waives the right to challenge his guilty plea and his conviction resulting from this plea agreement, and any sentence imposed for the conviction, in any collateral attack, including but limited to a motion brought under 28 U.S.C. § 2255.
>
> The waivers noted above shall not apply to a post-conviction collateral attack or direct appeal based on a claim of ineffective assistance of counsel.

(Criminal No. 2:11-00178, Document No. 144, p. 5, ¶ 12.) The undersigned finds no indication that Movant did not understand the terms and consequences of signing the plea agreement. Considering Movant's educational background, the record reveals that Movant obtained his G.E.D. and completed a few semesters of college. (Criminal No. 2:11-00178, Document No.

183, p. 16.) Additionally, Movant's criminal history reveals that he is experienced with the criminal justice system. (Id., pp. 9 – 13.) During the Plea Hearing, the terms of the plea agreement were thoroughly reviewed with Movant and he acknowledged that he understood the terms and consequences of signing the plea agreement. (Id., Document No. 209, pp. 12 – 26.) Further, the District Court thoroughly explained the appellate waiver to Movant during the Rule 11 colloquy and Movant acknowledged that he understood and agreed to the waiver. (Id., pp. 22 – 23.) Based on the foregoing, the undersigned finds that Movant's appellate waiver was knowingly and intelligently. Thus, Movant waived his right to challenge the validity of his conviction. See Kerr v. United States, 2016 WL 958202, * 4 (E.D.N.C. March 8, 2016)(finding that petitioner's Rosemond claim alleging an intervening change in law falls within the scope of his post-conviction waiver). Accordingly, the undersigned respectfully recommends that the District Court determine that Movant's challenge to his conviction based upon Rosemond is precluded by his appellate waiver.

## **PROPOSAL AND RECOMMENDATION**

The undersigned therefore respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **GRANT** Movant's *pro se* Motion to Amend or Supplement filed on March 24, 2017 (Document No. 240), **DENY** Movant's *pro se* Motion to Amend or Supplement filed on July 28, 2017 (Document No. 243), **DENY** Movant's Motion to Vacate, Set Aside, or Correct Sentence by A Person in Federal Custody Pursuant to 28 U.S.C. § 2255 (Document No. 210), and **REMOVE** this matter from the Court's docket.

Movant is notified that this Proposed Findings and Recommendation is hereby **FILED,**

and a copy will be submitted to the Honorable United States District Judge John T. Copenhaver, Jr. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, the parties shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Copenhaver, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Movant and counsel of record.

Date: March 22, 2018.

Omar J. Aboulhosn
United States Magistrate Judge